# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| VICTOR APOLLO, ) | |
| ) | |
| Plaintiff, ) | No. 18 C 6475 |
| ) | |
| v. ) | Magistrate Judge Jeffrey Cole |
| ) | |
| OFFICER ADAM STASINOPOULOS, ) | |
| OFFICER DANIEL MILLER, and ) | |
| OFFICER LAUREN TREVARTHEN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff has filed a motion to bar the defendants from issuing a subpoena for plaintiff's mental health and drug dependency records. [Dkt. #66].[1] The three-page Amended Complaint seeks non-specific "pain and suffering" damages for allegedly being tased by the defendant police officers in his side and right leg, and later in his neck. [Dkt. #24]. The police officers, conversely, have filed a counterclaim against the plaintiff for assault and battery, alleging that grabbed an officer's testicles forcefully, sucker punched an officer in the face during processing. The officers contend that plaintiff was high on PCP at the time of his arrest, and in connection with his arrest was treated for narcotics overdose and mental issues. [Dkt. #30].

Plaintiff incorrectly contends that "[o]n September 28, 2019 the Honorable Judge Robert W. Gettleman determined [plaintiff] had not waived his privilege in his mental health records." [Dkt. # 2]. But, there is no record of any event on September 28, 2019, in this case, let alone any ruling on that date. Tellingly, plaintiff does not cite to any docket entry. Perhaps the plaintiff is referring

---

[1] Curiously, the Notice of Motion provides that the Motion is not to be heard until 4/10/20. [Dkt. #67].

to Judge Gettleman's minute order of September 18th where the judge ordered the parties to submit a protective order according to his instructions – which the parties ignored. Significantly, the judge made no mention of any decision regarding whether plaintiff had waived his privilege as to his mental health records. [Dkt. #36]. In fact, Judge Gettleman put off any discussion as to that issue until after the plaintiff was deposed. [Dkt. #36].

Indeed, Judge Gettleman could not have made the ruling plaintiff claims he did; there simply was – and is – insufficient information to make a ruling, and the evidence plaintiff wants to keep out of discovery and out of this case. The federal common law psychotherapist-patient privilege prevents disclosure of confidential communications between a licensed psychotherapist or social worker and a patient in the course of diagnosis or treatment. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). "The psychotherapist privilege serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem." *Id.* at 11. But, like any other testimonial privileges, the holder may waive the psychotherapist-patient privilege. *Id*. at 15 n.14. For example, "[i[f a plaintiff *by seeking damages for emotional distress* places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006)(emphasis supplied).

Courts have followed three paths regarding the waiver issue: (1) a broad application of waiver; (2) a narrow application; and (3) a middle ground. *See generally Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 513 (N.D. Ill. 2018). Under the broad approach, a party waives psychotherapist-patient privilege "by merely seeking damages for emotional distress" or putting their psychological state in issue. *Oberweis Dairy*, 456 F.3d at 718; *Laudicina*, 328 F.R.D. at 514. *Id*. at 513 (citation omitted). Under the narrow view, a party waives the privilege "only when [they]

2

affirmatively rel[y] on [their] communications with the psychotherapist or calls the therapist as a witness." *Taylor v. Chicago*, 2016 WL 5404603, at *2 (N.D. Ill. 2016). Courts taking the "middle ground" hold that there is no waiver when the party seeks only "garden variety" damages. *Id*. This path tends to be ill-defined, though, as "garden variety" can have no, or any, meaning. At least one court in this Circuit has defined "garden variety" damages as meaning: "the 'negative emotions that [plaintiff] experienced essentially as the intrinsic result of the defendant's alleged conduct,' but not the 'resulting symptoms or conditions that she might have suffered.'" *Flowers v. Owens*, 274 F.R.D. 218, 225 (N.D. Ill. 2011) (quoting *Santelli v. Electro–Motive*, 188 F.R.D. 306, 309 (N.D. Ill. 1999)); *Coleman v. City of Chicago*, 2019 WL 7049918, at *3 (N.D. Ill. 2019)(plaintiff did "not promise[] to limit his emotional damages to the garden variety kind. . . . [but] . . . indicat[ed] that he is pursuing damages for psychological injuries and symptoms."). That's unhelpful as one could argue "negative emotions" are a resulting symptom. And courts have gone so far as to lump the following symptoms into the "garden" of "pain and suffering": depression, sleep loss, anxiety, nausea, insomnia, withdrawal, chronic fatigue. *See Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 516 (N.D. Ill. 2018)(collecting cases).

Obviously, if the privilege is automatically waived whenever a plaintiff seeks any type of damages for emotional distress, the privilege loses value. On the other hand, defendants have a right to defend themselves against claims for emotional damages, claims about resultant symptoms, otherwise, the privilege becomes the proverbial sword rather than the proverbial shield. But here, no one knows what plaintiff is claiming or is going to claim.

Plaintiff says that his Amended Complaint is clear that he is not seeking emotional stress damages because he claims only "pain and suffering." [Dkt. # 66, at 6]. But that is clearly an

3

evasion, not an answer. "Pain and suffering" is a broad phrase that could cover anything come trial, and we have no idea what plaintiff might raise at trial. What is the plaintiff going to claim about his alleged "suffering"? The manner in which the parties have proceeded leaves us with little information at all about the likely direction of this case, and precludes any ruling on the issue presented in plaintiff's motion.

It does not appear that plaintiff has been deposed. The parties have failed to file the discovery plan required under Fed.R.Civ.P. 26(f), which under ordinary circumstances would have been due no later than June 11, 2019, under Fed.R.Civ.P. 16(b)(2) and 26(f). [Dkt. ##14-17]. As plaintiff had an attorney provided for him on May 2, 2019, the end of July would have been an adjusted deadline, but there was nothing. But in any event, adjustment or not, they have failed to comply with the court order of November 7, 2019, which mandated that they file a plan by December 14th. [Dkt. #53]. All that is to say that a year and a half into this case, the parties have maintained it in an incubatory phase. In other words, the court has little or no information on which to base a ruling about what type of evidence the defendants are entitled to.

On the other hand, the little the court has been made privy to counsel against such a ruling. What we do know is that plaintiff has not made any commitment on the record regarding what he will raise or get into or mention at trial. He has not indicated what type of "materials bearing on the nature and extent of [his] injuries" he will be relying on to establish his damages. Fed.R.Civ.P. 26(a)(1)(A)(iii). *See Oberweis Dairy*, 456 F.3d at 708 (plaintiff chose to "trim[] her evidence of emotional distress rather than turn over records); *Flowers v. Owens*, 274 F.R.D. 218, 229 (N.D. Ill. 2011)("Without a complete explication of what it is that is being proposed by the plaintiff, it cannot be said with assurance that the trial testimony expressly envisioned by the plaintiff's counsel will,

in fact, be limited to the kind of simple, usual, and ordinary emotions approved by the cases.").

Additionally, the defendants have filed a counterclaim against the plaintiff alleging a number of things regarding drug use and mental health issues that, at this stage, merit as much credence as plaintiff's charges against them. Plaintiff's motion ignores that half of this case entirely. In short, what happens down the road will dictate whether privileges are waived, whether evidence is relevant, and whether it is admissible and under what conditions. *See, e.g., Oberweis Dairy*, 456 F.3d at 718 ("The judge can seal the plaintiff's psychiatric records and limit their use in the trial (which is public) to the extent that the plaintiff's interest in privacy outweighs the probative value of the information contained in the records."); *Laudicina*, 328 F.R.D. at 519 "The Court is not finding that the purported evidence would necessarily be admissible at trial. At this stage, the Court is only concerned with relevance under Federal Rule of Civil Procedure 26(b)(1).").

Accordingly, the plaintiff's motion [Dkt. # 66] is denied. The parties are ordered to finally comply with Fed.R.Civ.P. 26(f) and conduct a discovery conference within 7 days. Noncompliance is not an option. The parties' discovery plan will then be due 14 days after that. The discovery plan is to be filed and delivered at the status hearing that is now set for 4/10/20 at 9:30 a.m.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/2/20