IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR APOLLO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 6475 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| OFFICER ADAM STASINOPOULOS, | ) | |
| OFFICER DANIEL MILLER, and | ) | |
| OFFICER LAUREN TREVARTHEN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a motion to hold third parties, the Forest Park Police Department and the Village of Forest Park, in contempt for failing to comply with three subpoenas plaintiff served on June 12, 2019 (to the Forest Park Police Department), August 21, 2019 (to Forest Park Police Department), and April 21, 2020 (to the Village of Forest Park). For the accompanying reasons, the motion [Dkt. # 90] is denied.

A court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Of course, in order to begin the exercise of considering a motion for contempt, the court has to be informed of the excuse, if any. A party objecting to a subpoena must raise its "objection before 'the earlier of the time specified for compliance or 14 days after the subpoena is served.' " *Ott v. City of Milwaukee*, 682 F.3d 552, 558 (7th Cir. 2012) (quoting Fed. R. Civ. P. 45(c)(2)(B) ). If a party does not object in writing prior to the production of documents responsive to the subpoena, Rule 45(g) "does not require the court to first order compliance before imposing the sanction of contempt." *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 690 (7th Cir. 2010). Plaintiff has indicated that the subpoenaed parties have objected, but has not provided the court with those objections, only paraphrases of them. But the relief sought is rather serious and more is required than has been offered here.

Once the party objects, the server may move the court for an order compel compliance with the subpoena, as in any discovery situation. Fed.R.Civ.P. 45(d)(2)(B); *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 690 (7th Cir. 2010)(". . . the rule requires an intervening court order if the recipient of the subpoena objects in writing to the production of documents or things."). Here, the plaintiff does not allude to having filed any motion to compel, and so never got a court order, and nearly a year has passed since the first two subpoenas were issued.

      Once there is a court order, it's up to server to prove, by clear and convincing evidence, that: (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *Hyatt*, 621 F.3d at 692. We do not think the plaintiff has made a sufficient showing at this point. Indeed, he has not even cited any cases on contempt. *See, e.g., Cage v. Harper*, 2020 WL 1248685, at *23 (N.D. Ill. 2020)(denying motion where "Plaintiff's discussion on the issue of contempt was also undeveloped and perfunctory, including failing to identify the burden of proof—clear and convincing evidence—and failing to analyze the test in this Circuit for finding civil contempt under Rule 45(g)."). For these reasons, the motion in its present form is denied.

**ENTERED:** _____
                       UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/16/20