IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR APOLLO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 6475 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| OFFICER ADAM STASINOPOULOS, | ) | |
| OFFICER DANIEL MILLER, and | ) | |
| OFFICER LAUREN TREVARTHEN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

The issue that has dominated this case virtually from the beginning is the extent of emotional damages plaintiff is seeking. Early on, Judge Gettleman indicated that without more than what was apparent from the Complaint, plaintiff had not waived the privilege as to his medical records because he was not seeking more than "garden variety" emotional damages. [Dkt. # 80-1, at 2]. As Judge Gettleman put it, "[r]ight now, I am not convinced that the Plaintiff has waived the privilege because the Plaintiff is not claiming emotional damages, only physical damages." Both Judge Gettleman and I indicated that the scope of what plaintiff is claiming might change based on depositions testimony. [Dkt. ##80-1, at 4; #70, #81].

The plaintiff has now been deposed. At his deposition he refused to answer any questions regarding his mental health. That behavior has crystalized and defined the extent of his claims, and his refusal to answer certain questions will serve as plaintiff's "commitment on the record regarding what he will raise or get into or mention at trial." [Dkt. #70, at 4].

**ARGUMENT**

A party cannot make claims and then refuse appropriate searching inquiry through discovery regarding the claims that are made. Conversely, a steadfast denial to make discovery precludes a party later raising the very claims around which the party has drawn a conjurer's circle. Phrased differently, the plaintiff's insistent refusal to allow inquiry into the nature and extent, if any, of his mental issues and disabilities, precludes those issues and disabilities from forming the basis upon which his claim for recovery can be bottomed. *See* Fed.R.Civ.P.26(a)(1)(A)(iii). "Justice is not a game," *United States v. Paglia,* 190 F.2d 445, 448 (2nd Cir.1951)(L.Hand, J.), and nothing could be more basic than the rule that prohibits any party from preventing discovery regarding an issue upon which he is or plans to rely.

Gone are the days when the "sporting theory of justice" permitted a litigant to wait until trial to fully reveal his evidence. The common law's "sporting theory" of justice permitted the litigant to reserve evidential resources (documents and witnesses) until the final moment, marshaling them at the trial before his surprised and dismayed antagonist. Indeed, to have required "the disclosure to an adversary of the evidence that is to be produced would be repugnant to all sportsman-like instincts." 6 Wigmore, Discovery § 1845 at 490 (3rd Ed.1940). It did not openly defend or condone trickery and deception, but it did regard "the concealment of one's evidential resources and the preservation of the opponent's defenseless ignorance as a fair and irreproachable accompaniment of the game of litigation." *Id. See also* 8 Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2001 at 40 (1994).

Today's attitude toward discovery is vastly different. Contrary to the common law's approach, contemporary thought has concluded that secrecy is not congenial to truth-seeking, and

that "trial by ambush" is incompatible with the just determination of cases on their merits. *See Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002); *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 253 (1978) (Powell, J., concurring and dissenting); *Hickman v. Taylor,* 329 U.S. 495, 500 (1947); Rule 1, Federal Rules of Civil Procedure. By requiring comprehensive *and timely* disclosure of relevant information, the Federal Rules of Civil Procedure seek to avoid the surprise and secrecy that are antithetical to the informed determination of cases of their merits. *Cf., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512-13 (2002).

What the plaintiff is apparently attempting to do in this case is not permitted under basic principles of fairness and is contrary to the regime established by the Federal Rules of Evidence. A party cannot have it both ways and that is what the plaintiff is attempting to do. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006)(plaintiff chose to "trim[]her evidence of emotional distress rather than turn over records"); *Flowers v. Owens*, 274 F.R.D. 218, 229 (N.D. Ill.2011)("Without a complete explication of what it is that is being proposed by the plaintiff, it cannot be said with assurance that the trial testimony expressly envisioned by the plaintiff's counsel will, in fact, be limited to the kind of simple, usual, and ordinary emotions approved by the cases."). The all too familiar "sword and shield" analogy prevents what has apparently been attempted here.

Accordingly, based on what apparently occurred at the deposition, it perhaps cannot be concluded that there was a waiver in the strict and classical sense. But, given what occurred and the conscious choice that has been made by the plaintiff to prohibit inquiry into the plaintiff's emotional history and status, the plaintiff will not be permitted to seek any damages based on any diagnosed mental issues or to bottom such a claim on associated records. In other words, he will be restricted to proof of what have been described in the cases as "garden variety" mental damages. The plaintiff

made a tactical decision, and he "will have to live with the consequences of that decision." *Crowe, ex. Rel. Crowe v. Ziegler Coal Co.*, 646 F.3d 435, 444 (7th Cir. 2011); *Abbott Labs. v. Takeda Pharm. Co*., 476 F.3d 421, 426 (7th Cir. 2007). This is a salutary rule of law as it is of life, itself.

This ruling will limit the evidence properly available to be used at summary judgment or trial. If there are other issues regarding the deposition that defendants feel should be addressed, the following briefing schedule will govern: the defendants' brief will be due on 2/12/21. The plaintiff's response brief will be due on 3/5/21, and the defendants' reply brief, if any, will be due 3/19/21. The defendant's motion to postpone briefing [Dkt. #109] is denied.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/22/21