IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTOR APOLLO, ) | |
| ) | |
| Plaintiff, ) | Case No. 18 C 6475 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| OFFICER ADAM STASINOPOULOS, OFFICER ) | |
| DANIEL MILLER, OFFICER LAUREN ) | |
| TREVARTHEN, and VILLAGE OF FOREST ) | |
| PARK, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Victor Apollo has brought a five count Second Amended Complaint against the Village of Forest Park (the "Village") and its police officers Adam Stasinopoulos, Daniel Miller, and Lauren Trevarthen (the "individual officers") alleging that on February 15, 2018, he was unlawfully "tased" by the individual officers. Count I, brought under 42 U.S.C. § 1983, is a claim against the individual defendants for excessive use of force in violation of the Fourth, Fifth Sixth, and Fourteenth Amendments to the Constitution of the Unite States. Count II is a claim against the Village brought pursuant to Monell v. Dep't. of Soc. Services, 436 U.S. 658, 694 (1978). Count III is a negligent spoliation claim against the Village. Counts IV and V are state law claims against the Village for respondeat superior and indemnification. The Village has moved to dismiss Counts II, IV and V arguing that they are timed barred. For the reasons set forth below, the motion is granted in part and denied in part.

**BACKGROUND**

On February 15, 2018, plaintiff was a passenger in a vehicle driven by Russell Moses. Plaintiff was sitting in the front passenger seat, and Nisa Robinson was in the back seat. The vehicle was stopped by Officer Stasinopoulos, who claimed that the vehicle failed to activate a left turn signal. The driver disputes that, and was not issued a citation. Officer Stasinopoulos exited his vehicle with his taser drawn and pointed toward plaintiff. He ordered plaintiff to place his hands on the dashboard and then called for backup. Officer Miller arrived.

Plaintiff provided Stasinopoulos with his identification. Stasinopoulos and Miller then opened the passenger door and yanked plaintiff out of the car and forced him faced down onto the ground. The officers handcuffed plaintiff's hands behind his back and then Miller kneeled on top of plaintiff's hands. Stasinopoulos then punched plaintiff with a closed fist four to ten times on the right side of plaintiff's face and tased plaintiff in the leg. While Miller remained kneeling on plaintiff's hands, Stasinopoulos held plaintiff down. One of the officers then tased plaintiff in the back. After plaintiff was taken to "jail," Officer Miller pulled plaintiff out of his cell threw him into the wall and tased him again. When plaintiff did not fall to the ground, Officer Trevarthan tased plaintiff in the neck.

Plaintiff filed a pro se complaint against the three officers on September 24, 2018, alleging excessive force. The court granted his application to proceed in forma pauperis on January 24, 2019. The Officers filed their answer and affirmative defenses to the initial complaint on April 24, 2019. Officer Miller also filed a counterclaim against plaintiff. After reviewing those pleadings, the court recruited counsel for plaintiff.

Plaintiff filed a first amended complaint on July 9, 2019, raising the same factual allegations about the incident in question. He also answered Miller's counterclaim. The

2

officers answered the amended complaint on July 31, 2019, and again raised affirmative defenses. Miller reasserted his counterclaim. Discovery proceeded, with a number of disputes resolved by the magistrate judge. Then, on December 3, 2020, plaintiff sought and was granted leave to file a Second Amended Complaint, adding the claims against the Village. After the Village brought the instant motion to dismiss, the court granted the individual defendants' motion to extend the time to file their answers until after the court rules on the pending motion.

## **DISCUSSION**

As noted, the Second Amended Complaint adds four counts against the Village: 1) a Monell claim under 42 U.S.C. § 1983 (Count II); 2) a negligent spoliation claim brought under state law (Count III); 3) a claim for respondeat superior liability under state law (Count IV); and 4) a claim for indemnification brought under state law (Count V). The Village has moved under Fed. R. Civ. P. 12(b)(6) to dismiss Counts II, IV, and V, arguing that the counts were not brought within the applicable period of limitations.

A statute of limitations is an affirmative defense that ordinarily must be pleaded and proved by the defendant. Fed. R. Civ. P. 8(c)(1); Jay E. Hayden Foundation v. First Neighbor Bank, N.A., 610 F.3d 382, 383 (7th Cir. 2010). "Complaints need not anticipate defenses and attempt to defeat them." Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012). As a result, the Seventh Circuit has often held that Rule 12(b)(6) is not designed for motions under Rule 8(c)(1). Id. (and cases cited therein). Nonetheless, "If it is plain from the complaint that the [statute of limitations] defense is indeed a bar to the suit dismissal is proper without further pleading." Jay E. Hayden, 610 F.3d at 383. The dismissal should be on the pleadings under Rule 12(c), but that amounts "to the same thing as a dismissal under Rule 12(b)(6)." Richards,

3

696 F.3d at 637. Unless, however, "the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development." Foss v. Bear Stearns & Co., 394 F.3d 540, 542 (7th Cir. 2005). Put another way, dismissal is appropriate "if the complaint contains everything necessary to establish that the claim is untimely." Collins v. Village of Palatine, Illinois, 875 F.3d 839, 842 (7th Cir. 2017).

The analysis is easy as to plaintiff's two state law claims. Both are subject to a one year statute of limitations. See Williams v. Lampe, 399 F.3d 867, 870 (7th Cir. 2005); 745 ILCS 10/8-101(a). Plaintiff's injury occurred on February 15, 2018. He did not file his claims for respondeat superior and indemnity against the Village until December 4, 2020, over two years later. Nothing in the Second Amended Complaint suggests that plaintiff was prevented in any way from raising these two claims in a timely manner, and plaintiff has not responded to the Villages argument as to the counts. Consequently, the court grants the Village's motion to dismiss Counts IV and V with prejudice.

The analysis as to plaintiff's Monell claim is a little more involved. The parties agree that the statute of limitations for § 1983 claims is governed by Illinois law, and that the applicable limitations period is two years. They also agree that federal law determines the applicable accrual date. Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, a cause of action accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Amin ljbara Equity Corp. v. Village of Oak Lawn, 860 F.3d 489, 493 (7th Cir. 2017) (quoting Wallace, 549 U.S. at 388). All that is required to start the statute of limitations clock is knowledge of the injury and that the defendant may have caused the injury. Liberty v. City of Chicago, 860 F.3d 1017, 1019 (7th Cir. 2017).

4

Put simply, "a claim accrues as soon as a person knows both the fact and the cause of an injury." Moore v. Burge, 771 F.3d 444, 447 (7th Cir. 2014). And, the cause of action accrues "even though the full extent of the injury is not then known or predictable." Amin ljbara, 860 F.3d at 493.

In the instant case, plaintiff obviously knew of his injury on February 15, 2018, and that the individual defendants caused his injury. That is clear from the Second Amended Complaint. What is not clear is when plaintiff discovered that a Village policy or practice may have also been a cause of the injury. Plaintiff alleges that at the time of the incident the Village had interrelated de facto policies, practices, and customs that included: failure to properly hire, train, supervise, discipline, transfer, monitor, counsel, and/or otherwise control police officers who commit acts of excessive force; failure to ensure that each police vehicle has a working dash camera and each officer had a working portable microphone; failure to ensure that each police officer responding to or making a vehicle stop activates the dash camera and portable microphone; a police code of silence; and discharging tasers at civilians while their hands were handcuffed behind their back. Plaintiff alleges that as a result of these policies and customs, the individual defendants felt free to use excessive force against plaintiff, knowing that their activities would not be challenged and that they would not be disciplined.

The Village argues that plaintiff could have and should have filed his Monell claim within the applicable limitations period of two years, and that the Second Amended Complaint conclusively demonstrates that the claim is untimely. The Second Amended Complaint alleges, however, that the Village fraudulently concealed certain facts that made it impossible for plaintiff to have known within the limitations period that the Village was at fault. In particular,

5

plaintiff alleges that the Village fraudulently concealed: 1) the existence of Officer Spagnola's dash cam video; 2) the presence of seven police officers present at the arrest; 3) the presence of four dash cam videos present at the arrest; 4) the presence of four of the six vehicles present at the arrest; and 5) portable wireless audio from all nine officers present at the arrest. Plaintiff argues that under Illinois law this alleged concealment tolls the statute of limitations for five years. See 735 ILCS 5/13-215.

The Village responds that the statute concerns concealment of a "cause of action," not concealment of the identity of the tortfeasor. Smith v. City of Chicago Heights, 951 F.2d 834, 837-38 (7th Cir. 1992). As plaintiff argues, however, had he been aware of the facts allegedly concealed, he could have determined that the Village had a de-facto policy of not enforcing its own rules and that the de-facto policy provided a "cause of action" against the Village. The court agrees with plaintiff that the allegations in the Second Amended Complaint are sufficient at least to allege that the existence of a cause of action may have been concealed. In any event, the court certainly cannot conclude that the allegations create an ironclad defense.

Finally, the court rejects the Village's argument that the Monell claim fails to state a claim because it pleads only "boilerplate allegations of a municipal policy." The Second Amended Complaint contains sufficient factual detail to inform the Village of the alleged unconstitutional conduct, including the Village's de-facto policy of overlooking violations of its own rules regarding cameras and microphones, and failing to discipline officers violating those rules. Consequently, the court denies the Village's motion to dismiss the Monell claim in Count II.

## CONCLUSION

For the reasons described above, The Village's motion to dismiss the Second Amended Complaint [Doc. 116] is granted in part and denied in part. Counts IV and V are dismissed with prejudice. The motion is denied as to Count II. All defendants are ordered to answer the Second Amended Complaint on or before April 27, 2021. The parties are directed to file a joint status report, using the court's form, on or before May 11, 2021. This matter remains set for a telephonic report on status on May 25, 2021 at 9:15 a.m.

              **ENTER:**

              **Robert W. Gettleman**
              **United States District Judge**

**DATE: April 7, 2021**