IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR APOLLO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 6475 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| OFFICER ADAM STASINOPOULOS, | ) | |
| OFFICER DANIEL MILLER, and | ) | |
| OFFICER LAUREN TREVARTHEN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendants have filed an unopposed motion for an extension of the discovery deadline to July 8, 2022. Discovery in this case, now well into its fourth year, began way back on April 21, 2020, with initial disclosures. [Dkt. #92]. As of June 2020, the parties were unable to agree on a discovery schedule. Defendants indicated discovery could be completed by November 20, 2020, but plaintiff saying vaguely that the earliest depositions could be complete was April 2021. [Dkt. #86, at 3; #92, at 5]. Nevertheless, as of June 18, 2020, I set a deadline for fact discovery to be completed: May 3, 2021. [Dkt. #97].

Over the next ten months, apparently, not much was accomplished. The parties asked for a six-month extension and on April 14, which I allowed, entering the following order:

> Plaintiff's unopposed motion to modify the scheduling order 136 is granted. Fact discovery is extended [from May 3, 2021] to 11/3/21. The motion notes that over the past two years, only two depositions of police officers out of nine that need to be deposed have been taken. That is not sufficient progress even with all that is going on.

[Dkt. #137]. Given the lack of progress being made, on July 8, 2021, I reminded the parties that discovery would close on November 3, 2021, and that Local Rule 16.1 required that "discovery must be completed before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order." [Dkt. #156]. I reminded the parties again on July 29, 2021. [Dkt. #160].

Remarkably three months later, on October 20, 2021, plaintiff's counsel reported, "there is much to be done." [Dkt. #163]. The parties asked for another extension and, again, I allowed it, extending the deadline for the completion of *all* fact discovery *including* depositions by another three months to February 3, 2022. I added: "THIS IS THE FINAL EXTENSION." [Dkt. # 166].

Just two months later in December there was yet another request for an extension. This one was for another three months, which I granted, extending the fact discovery deadline to May 13, 2022. The rationale the parties gave for this particular extension was the fact that " defendants' counsel was excused and replaced by new counsel." [Dkt. #177]. But, a few weeks later, on March 9, 2022, it was time for yet another motion to extend the discovery deadline.

The instant motion asks for two-month extension, to July 8, 2022. It's not entirely clear as to the reasons for another extension in this case. It lists seven depositions that have been taken in the month of February. [Dkt. #185, at 2-3]. It notes that the parties are at odds over another deposition – an additional 30(b)(6) deposition desired by plaintiff – should be allowed. Counsel for defendants than says that when she reviewed the file from her predecessor, she "grossly underestimated the extensive written discovery and ensuing motion practice, some of which remains unresolved, given the nature of Plaintiff's complaint and her prior experience in civil rights/police misconduct litigation." She points to the parties' quarrel over the additional 30(b)(6) deposition, but nothing

2

else. Counsel indicates she will be seeking a protective order regarding that deposition. Counsel gives no indication, other than that, what the additional two months will be needed for.

Given the languid pace with which the parties have moved in this case, and the history of one extension after another, not one of them curing any of this case's ills, this latest motion for an extension of time cannot be granted based on such an uninformative presentation. To the extent that extensions were granted without much more of a showing that was made, the error was mine – although counsel had their own obligations under the Federal Rules of Civil Procedure. In every previous instance, the parties claimed an extension was necessary to complete desired discovery, but, in each of those instances, it was not so used and indeed, seemed only to multiply the discovery in this 2018 case, and have made this case far more complicated than it need be. If the parties need more time, they will have to be specific about how they intend to use it because, as the foregoing history indicates, their penchant has been to squander it.

Accordingly, the defendants' motion for another extension [Dkt. #185] is denied and the discovery deadline of May 13, 2022, will remain in place. The next status is set for April 6, 2022. The lawyers in this case should take to heart the Fifth Circuit's admonition "[a]ll good things, including discovery, must come to an end." *U.S. ex rel Taylor v. Hicks*, 513 F.3d 228, 238 (5th Cir. 2008). "[T]here [has been] enough discovery [in this case] to choke a horse...." *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008). "[E]nough is enough," *Williams v. Shinseki,* 2010 WL 1274233, 4 (7th Cir. 2010).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/11/22