IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR APOLLO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 6475 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| OFFICER ADAM STASINOPOULOS, | ) | |
| OFFICER DANIEL MILLER, and | ) | |
| OFFICER LAUREN TREVARTHEN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendants have filed a motion/memorandum seeking a protective order preventing a Fed.R.Civ.P. 30(b)(6) deposition that plaintiff noticed way back on October 11, 2021. For the following reasons, the motion/memorandum is denied.

Plaintiff issued the deposition notice at issue here over five months ago on October 11, 2021, scheduling the deposition for November 3, 2021. [Dkt. #185-2]. That date went by the wayside as the parties were unable to meet and confer regarding the deposition topics – as Fed.R.Civ.P. 30(b)(6) requires ("Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination.") – until November 5th. On that date, the attorneys conferred by telephone and, according to plaintiff's counsel's declaration, then-counsel for defendants said she wanted to make sure none of the topics were duplicative of the earlier 30(b)(6) deposition and said she would email plaintiff's counsel if she found any. [Dkt. #191, Par. 16]. Plaintiff's counsel avers that she did not follow up with any such objections. [Dkt. #191, Par. 16].

That there were no problems with the topics is certainly borne out by the parties' status reports: there were no objections to depositions or topics mentioned in status reports filed with the court on October 29, 2022 [Dkt. #167, Par. D(2)], or on November 30, 2021, when the parties indicated the deposition was being scheduled for December 22, 2021. [Dkt. #168, Par. A(4)].

Just a week later, current counsel substituted in [Dkt. #170] and almost immediately sought, and received, a three-month extension of the discovery schedule, arguing that it was necessary so that new counsel could meet with counsel and review the file. [Dkt. #175, Par. 5; #177]. In the parties' next status report, filed December 30, 2021, new counsel raised no problems with the 30(b)(6) deposition, saying only that plaintiff had agreed to reschedule it to accommodate new counsel. [Dkt. #180, Pars. A(3), B(1)]. When current defense counsel informed plaintiff's counsel they would be substituting in on December 3, 2021, she had asked that all depositions – including the 30(b)(6) deposition – be postponed until after the new year. [Dkt. # 190-7].

In the status report of January 31, 2022, the parties reported that they had *finally* scheduled the 30(b)(6) deposition for February 22, 2022. At that point, this was the *third* date for the deposition, Again, there was no indiction that any of the topics, which new counsel had surely familiarized herself with over the preceding two months, were objectionable. [Dkt. #181, Par. A(1)].

February 22nd was a Tuesday. On Friday, February 18th, defense counsel informed plaintiff's counsel that she had to reschedule the deposition *yet again* because she suddenly had an unspecified conflict, just two business days before the deposition. [Dkt. #198-8, Page 6/7]. She still hadn't taken a good look at the case file because she further wrote: "I trust that you will not be deposing the upcoming 30(b)(6) witness on issues that were previously addressed. Please confirm that is the case." [Dkt. #198-8, Page 6/7]. Plaintiff's counsel wrote back, explaining that they had: drafted

the Rule 30(b)(6) topics with an eye toward avoiding duplication. We also discussed the issue with Gail at our November 5, 2021 meet-and-confer. We asked her to send us an email identifying any topics that she thought might be duplicative, and she did not do so. I will also note that, when the Village first sat for a 30(b)(6) deposition, it was not a party to this action. The Village also had not yet disclosed the existence and erasure of Ofc. Spagnolo's dashcam footage. Consequently, the initial deposition did not explore the Village's liability for the Monell and spoliation claims.[Dkt. #198-8, Page 6/7]. Plaintiff's counsel agreed to reschedule for Monday, March 7th, as long as defense counsel could assure them that this would be the final postponement [Dkt. #198-8, Page 6/7], and with that, the 30(b)(6) deposition was set for a fourth time.

On Thursday, March 3rd – not even two full business days before the deposition – defense counsel wrote a five-page letter objecting to the March 7th 30(b)(6) deposition for two reasons. First, defense counsel pointed out that Fed.R.Civ.P. 30(a)(2)(A)(ii) requires leave of court to take a second deposition of a 30(b)(6) witness. Additionally, defense counsel added that the topics could have been and ought to have been covered at the earlier deposition. [Dkt. #190-9]. Defense counsel adds a third objection in her memorandum in support of her request for a protective order: that the deponent or deponents are "apex" witnesses. [Dkt. #188, at 10-11].

But, certainly by March 3 – again, not even two business days before the deposition – it was far too late to lodge objections, especially seeing how that deposition had been rescheduled multiple times to accommodate defense counsel. Fed.R.Civ.P. 30(b)(6) requires that "[b]efore or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." The parties met regarding the deposition topics, there were

3

no objections, and the deposition was scheduled.[1] While it is difficult to enter a case and catch up, defense counsel asked for, and received, a hefty extension for just that reason. She is not entitled to a reboot simply because she disagrees with some decisions her predecessor made. We are at the tail end of discovery in a case that has dragged on for well over three years. Counsel could have gone through the case file regarding the previous 30(b)(6) deposition three months ago, two months ago, or a month ago. There as ample time have been enough time to figure out if the topics could have been covered at the previous deposition and it should have been more than enough time to figure out that the deponent was a so-called "apex" witness long before a day or two before the date of the deposition.

When the parties choose to seek court intervention rather than the compromise expected by not only Fed.R.Civ.p. 30(b)(6) but by Local Rule 37. 2, resolution of their dispute is left to the court's broad discretion. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013). In this instance, given the back and forth between the parties over this deposition, the previous agreement between the parties and lack of any timely objections, and the multiple rescheduling accommodations made to defendants, the defendants' request for a protective order is denied. *See, e.g.*, *Nat'l Urb. League, Inc. v. Urb. League of Greater Dallas & N. Cent. Texas, Inc*., 750 F. App'x 305, 310 (5th Cir. 2018)(court did not abuse discretion in denying motion for protective order where party "waited to object to the Rule 30(b)(6) topics until two1:18-CV-05383, 2021 WL 3292261, at *10 (N.D. Ill. 2021)(counsel should have lodged objections to topics when the parties met and conferred before the deposition was scheduled).

---

[1] Obviously, that meeting and scheduling renders defense counsel's objection under Rule 30(a)(2)(A)(ii) nonsense as the Rule does not require leave of court when the parties agree to a second deposition.

4

A witness for the deposition must be produced no later than April 7, 2022.

                    **ENTERED:**  _____
                                      **UNITED STATES MAGISTRATE JUDGE**

**DATE:** 3/24/22