IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR APOLLO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 6475 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| OFFICER ADAM STASINOPOULOS, | ) | |
| OFFICER DANIEL MILLER, and | ) | |
| OFFICER LAUREN TREVARTHEN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a discovery motion, 93 pages in length, including exhibits, and it comes nearly four years into discovery after multiple extensions which, in hindsight, were probably granted improvidently. Discovery extensions, purportedly sought to address failures to complete tasks in a timely and efficient manner generally serve to create a vacuum of additional time that is then attorneys filled with additional requests for discovery, which, in turn, cannot be completed before the new deadline, and the vicious circle continues with further requests for extensions. [Dkt. #187]. As a result, discovery becomes all but unceasing. No wonder Judge Posner has called extended pretrial discovery the "bane of modern litigation." *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir.2000). This case, which concerns one arrest and subsequent altercation, is a prime example. For the following reasons, the plaintiff's motion [Dkt. #194] is denied, with the exception of one limited facet.

**A.**

First, the plaintiff complains about defendants' response to four document requests – Nos. 1, 2, 10, and 11 – served August 21, 2021:

> 1) All Documents relating to Officer Miller's involvement in incidents, complaints, investigations, and/or litigation whether as a witness, party, or subject thereof
>
> 2) All Documents relating to Officer Stasinopoulos's involvement in incidents, complaints, investigations, and/or litigation whether as a witness, party, or subject thereof
>
> 10) All Documents concerning investigations, complaints, lawsuits, disciplinary proceedings, or other incidents where any of the below listed officers were witnesses:
> a. Officer Lauren Trevarthen,
> b. Officer Adam Stasinopoulos,
> c. Officer Daniel Miller,
> d. Officer Michael Spagnolo,
> e. Auxiliary Officer Brianna Pusavc,
> f. Sargent Tom Hall,
> g. Officer Scott McClintock,
> h. Lieutenant Ken Gross.
>
> 11) All Training Materials and Policies which concern an officer's obligation to report misconduct by another officer. Any Documents relating to internal investigations concerning officer misconduct.

Obviously, as none of these requests have any temporal boundaries, they are all impossibly broad – and improper. *See, e.g.*, *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016)(Recency is one component of relevance.); *Velez v. City of Chicago*, 2021 WL 1978364, at *1 (N.D. Ill. 2021)("What would make counsel think it was appropriate to request documents dating back [unlimited] years is a mystery. The plaintiff's initial document request had no hope of being taken seriously, or enforced by the court; it served only to set the tone for the battle that followed."). Further, the requests go well beyond incidents involving the defendant officers, taking in not only

2

non-defendants, but incidents in which defendants were merely witnesses. Are the incidents even similar to the alleged tazing and struggle in this case? Plaintiff understandably does not say. *See, e.g., DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 978 (N.D. Ill. 2021)("Under general discovery principles, the party seeking to compel discovery has the burden of showing relevance"); *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, 2020 WL 1701861, at *8 (N.D. Ill. 2020)(movant has the burden of establishing relevance); *Eternity Mart, Inc. v. Nature's Sources*, LLC, 2019 WL 6052366, at *2 (N.D. Ill. 2019) ("The party requesting discovery bears the initial burden of establishing its relevancy."). The requests, again, is far too broad on one hand and out of proportion to the needs of this case on the other. *See, e.g., Velez v. City of Chicago*, 2021 WL 1978364, at *5 (N.D. Ill. 2021); *Prince v. Kato*, 2020 WL 1874099, at *4 (N.D. Ill. 2020)("It is challenging enough to conduct discovery in this one wrongful conviction case, . . . and it has already resulted in almost two years of discovery and significant expenses. To open up discovery on other homicides would not be consistent with ensuring a just, speedy, and inexpensive process.").

Significantly the "missing" production that plaintiff specifically complains of includes documents related to old lawsuits – dating from four to thirteen years – that may, or may not, have any thread of similarity to the incident in this case. And, as already noted, with discovery closing in less than four weeks, these types of document requests would do little more than lead to further investigation and requests and motions and discovery extensions. *See, e.g., Sierra v. Guevera*, 18 CV 3029 [Dkt. #154] (discussing production of old files and the inevitable results in terms of extended discovery). Defendant has produced thousands of pages of documents and this case is four years old. The sweeping requests at issue here are of the type that could be pictured in a legal

dictionary under the definition of "fishing expedition."[1] Accordingly, this portion of the plaintiff's motion is denied.

Next, plaintiff has issues with the Village's responses to interrogatories nos. 3, 8, 9, 10, 11, 12, 13, and 14. It is not entirely clear from plaintiff's brief what the problems are with the responses; it appears that "provided some responses based on 'information and belief,' and responded to others by referring Plaintiff to depositions in gross, without saying where in the depositions the requested information could supposedly be found." [Dkt. #195, at 7]. It's difficult, if not impossible to assess such vague complaints without some development of the plaintiff's grievances in more specific terms. But, to the extent defendant Village has directed plaintiff to entire deposition transcripts or portions thereof – and they have indeed done so in response to interrogatory no. 3 [Dkt. #200, at 9-10]– that is unacceptable, *see, e.g., Kinon Surface Design v. Hyatt International Corp.*, 2022 WL 787956, at *4 (N.D. Ill. 2022)(collecting cases) and they must immediately supplement that response. Plaintiff's motion is granted as to interrogatory no. 3.

Beyond that, back on November 12, 2021, Defendant Village objected to interrogatories nos. 8, 9, 10, 11, 12, 13, and 14 from plaintiff's second set as exceeding the 25-interrogatory limitation [Dkt. #135-13] under Fed.R.Civ.P. 33(a)(1)("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."); *Vera Bradley Designs, Inc. v. Aixin Li*, 2021 WL 1088323, at *4 (N.D. Ill. 2021). Plaintiff raises no argument or issue with those objections in his brief in support of his motion. [Dkt.

---

[1] *See, e.g., MAO-MSO Recovery II, LLC v. State Farm*, 994 F.3d 869, 877 (7th Cir. 2019); *Smith v. OSF Healthcare System*, 933 F.3d 859, 870 (7th Cir. 2019); *Cotton v. Milwaukee Area Tech. College Dist. Bd. of Directors*, 756 F.Appx. 628, 630 (7th Cir. 2019). Not surprisingly, the phrase "fishing expedition" appears to be that of Justice Holmes. *See Ellis v. ICC*, 237 U.S. 434, 445 (1915).

#195, at 6-8]. Thus, any arguments he could have raised are deemed waived. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("[T]his court has repeatedly and consistently held that perfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived."). The Rule 33(a)(1) objections are sustained. Plaintiff's motion as to interrogatories nos. 8, 9, 10, 11, 12, 13, and 14 is denied.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 4/12/22