**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VICTOR APOLLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 18 C 6475** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **OFFICER ADAM STASINOPOULOS,** | ) | |
| **OFFICER DANIEL MILLER, and** | ) | |
| **OFFICER LAUREN TREVARTHEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 29, 2022, the defendants filed another discovery motion. It was the fifth discovery motion from the attorneys in this case in the last six weeks. [Dkt. # 185, 188, 193, 194]. It is sadly not surprising in this case; but it should be. There is a Local Rule in this District – Local Rule 37.2 – that requires attorneys to meet and confer *in good faith* over discovery disputes so as to not take up valuable judicial resources needlessly on routine matters. It's a *rule*; It is not, as the defendants' motion phrases it, a "suggestion." [Dkt.# 204, ¶. 7]. But the attorneys and parties in this case certainly do not seem to have given the Rule the gravitas of a mandate and the respect due it. Every time an attorney files a discovery motion in this case, they assure the court that they *have* met and conferred and, wouldn't you know it, they just could not come to an agreement. Obviously, with a new discovery motion coming just about once a week toward the close of discovery, it is hard to believe that the attorneys are taking seriously their obligations under the Rule to negotiate *in good faith. See, e.g., Gunn v. Stevens Security & Training Servs., Inc*., 2018 WL 1737518, at *3 (N.D. Ill. 2018)("A party that steadfastly maintains a position without support is not engaging in a good faith

discussion."); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."); *Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *1 (N.D. Ill. 2016)("... adamantly clinging to the positions with which they began" amounts to a failure "to comply, in good faith, with the requirements of Local Rule 37.2."). The court is under no illusions that rehashing the Rule and the meaning of "good faith" is going to modify anyone's behavior or inspire greater efforts under Local Rule 37.2.   No; all this is simply to say that, at this point, going on four years into this case, and after multiple discovery motions in the closing weeks of discovery, the proverbial camel's back is broken. One can understand the Seventh Circuit's lament that "protracted discovery, [is] the bane of modern litigation." *Rossetto v. Pabst Brewing Co., Inc.*, 217 F.3d 539, 542 (7th Cir.2000).

According to the motion, and plaintiff's response, the attorneys met and conferred over the production of plaintiff's medical records from February 15-17, 2018, on April 8, 2022.  The records cover treatment while plaintiff was in custody after he alleges he was subjected to excessive force during an arrest on February 15, 2018. As such, there can be no dispute that they are relevant. Judge Gettleman said they were relevant two years ago. [Dkt. #80-1, at 4]. I have reiterated their relevance on two occasions since then. [Dkt. #204, ¶. 6; #139]. And, as they are in plaintiff's possession, and cover just three instances of treatment over just three days, it cannot be argued that they are out of proportion to the needs of the case. In fact, based on the emails, the defendants' attorneys agreed that plaintiff could produce those records with any reference to mental health treatment or conditions redacted. [Dkt. #204, ¶. 8]. All that remained was for plaintiff's counsel to contact their client and get the extremely small and easy task done. That was how things stood on April 8, 2022.

But, on April 12, 2022, plaintiff's counsel wrote to defense counsel, saying he had "put calls in to his client, but ha[d] not been able to get a hold of him." Plaintiff's counsel asked whether the attorneys could meet, "assuming [he] could get a hold of [plaintiff]." [Dkt. #204-3, Page 2]. There was no further word from plaintiff's counsel for two weeks. On April 25, 2022, defense counsel wrote to ask what was going on. [Dkt. # 204-3, Page 1]. Plaintiff's counsel wrote back immediately saying he would provide an update on the morning of April 26th. [Dkt. # 204-3, Page 1]. He didn't. He wrote again to put defense counsel off for another two days, saying he expected to finally get an answer from his client by then. Again, he didn't, and the defendant understandably filed this motion; the court had to take it under advisement and set up a briefing schedule.

That briefing schedule gave plaintiff's counsel from April 29th to May 4th to prepare and file a response. Plaintiff's counsel took every minute of that time, not filing a response until after 6 p.m. on May 4th. In it, they say, without exposition, that they only "recently" learned that plaintiff was once again incarcerated, this time at Hill Correctional Center, and claim the earliest time they could set up a call was on May 4th. [Dkt. #208]. Obviously, counsel ought to have indicated to their opponent that they had lost track of their client and certainly should have informed the court of the situation *when the defendants' motion was filed*, instead of waiting until the deadline for a response. It would have been a simple matter to do so – and the responsible one. Instead, we have another needless discovery motion in a case that already has had more than enough of them. Unfortunately, one can understand and sympathize with the withering criticisms in Stuart Speiser's now famous article, *Sarbanes-Oxley and the Myth of the Lawyer-Statesman*, 32 LITIGATION 5 (Fall 2005). But, we can do better. *See* Robert Gettleman, *We Can Do Better*, 25 LITIGATION 3 (Summer 1999).

In any event, according to the plaintiff's counsel, plaintiff "agrees to the release of his medical records per the parties' agreement concerning redactions." [Dkt. #208, at 2]. Plaintiff's counsel gives no indication when those records will be produced, but as they are relevant and proportional to the needs of the case, they should have been produce already. Furthermore, discovery closes May 13th. Given the unnecessary delay, the lack of communication, the history of the case, and the impending close of discovery, the defendants' motion is granted, and the plaintiff is ordered to produce the records no later than May 9, 2022. Given the unfortunate history of this case, failure to comply with this Order may, if appropriate, result in sanctions under Fed.R.Civ.P. 37(b)(2). Future motions, if any, will be decided in accord with the fee shifting provision of Rule 37(a)(5). *See Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786-87 (7th Cir. 1994).

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 5/5/22

4